928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rick E. STRATE, and Timothy M. Motil, Plaintiffs-Appellants,
v.
UNITED PARCEL SERVICE, et al., Defendants-Appellees.
 No. 90-3192.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, Nos. 88-00744, 88-01072; Graham, J.
 S.D.Ohio
 AFFIRMED IN PART AND REVERSED IN PART, AND REMANDED.
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 This is an appeal by plaintiffs' attorney from the district court's imposition of sanctions against him for signing pleadings instituting frivolous lawsuits, in violation of Fed.R.Civ.P. 11. The attorney was ordered to pay defendant United Parcel Service, $36,198.75 an amount representing reasonable attorney's fees and expenses incurred in defending two lawsuits he brought on behalf of Rick E. Strate and Timothy M. Motil. Both had been employed by United Parcel as dispatcher-supervisors, and were terminated for their responsibility for tardy shipments. The complaints filed in district court sounded in "reverse discrimination," and asserted claims under 42 U.S.C. Secs. 1981, 1983, 1985, and 1986, and the Fourth Amendment to the United States Constitution.
 
 
 2
 Three weeks after the Strate case was filed, counsel for United Parcel wrote to plaintiffs' counsel advising him that there was no legal or factual support for the claims, requesting voluntary dismissal, and warning of the potential for sanctions. When defense counsel took his deposition, Strate, who is white, said he did not have "the vaguest belief or hint" that he had been treated unfairly based upon his race. While Strate named five white employees he thought received more favorable treatment, he could not name a dispatcher of another race who was treated more favorably. Counsel again wrote plaintiffs' counsel, pointing out his belief that Strate's deposition made it even more obvious that the claims were untenable.
 
 
 3
 In his deposition, Motil also admitted that he had no information that would lead him to believe that the company discriminated against him because he is white. Defense counsel once again wrote to plaintiffs' counsel, raising the same concerns.
 
 
 4
 Following a preliminary pretrial conference, plaintiff's counsel was directed to provide to defense counsel "a statement of the facts and law upon which the complaint is grounded. This statement should include any case law authority plaintiff's counsel relied on in drafting the complaint." Some four months after it was due, counsel provided a letter which, according to the district court, "did not comply with the ... order. It did not set forth any facts, only conclusory allegations, nor did it set forth any legal authorities whatsoever. Moreover, the allegations contained in the letter would not support a federal civil rights claim or any other claim asserted in the complaint." Plaintiff's counsel later represented to the court that he would produce evidence and would advise the court of his clients' reaction to a suggestion they dismiss their cases, but he did neither. United Parcel sought summary judgment, contending in memoranda and supporting exhibits that consume 212 pages of the record, that the lawsuits were frivolous. Plaintiffs' counsel advised the court of his opinion that Patterson v. McLean Credit Union, 491 U.S. 164 (1989), was dispositive of the case (in favor of United Parcel) and that plaintiffs would not respond to the motions for summary judgment. After being granted summary judgment, United Parcel requested attorney's fees and expenses.
 
 
 5
 In the course of its opinion which awarded sanctions, the district court summarized what occurred at a hearing on the matter:
 
 
 6
 Both plaintiffs testified at the hearing and their testimony was very similar. Both testified convincingly that they felt that they had been unjustly terminated by their employer. Both acknowledged that they were aware that the claims which they asserted in this Court required proof of something more than unjust termination of employment and that they were required to prove that they were terminated because of their race. Both admitted that they had no evidence that this was the case, but asserted that they relied upon the representation of their counsel that he was aware of facts and circumstances which would prove that they were terminated on account of their race. Based upon these assurances, each plaintiff liquidated his last remaining assets in order that each of them could pay their counsel the $5,000 cash retainer he requested.
 
 
 7
 Plaintiff's counsel produced no evidence that UPS is the unusual employer who discriminates against the majority ... Nor has he ever presented any evidence of situations in which similarly situated black employees were treated differently than these plaintiffs, although he had ample opportunity to do so and indeed was repeatedly requested to do so ... (Footnote omitted.)
 
 The court's findings are to the point:
 
 8
 This Court cannot imagine a more compelling case for the imposition of Rule 11 sanctions. It is clear that there never was a legitimate factual or legal basis for any of the claims asserted in these two cases. This Court has pondered at length the question of plaintiffs' counsel's motivation in filing these cases and regrettably [sic] concludes that the only possible motivation was his desire to receive the $10,000 in retainer fees which he requested from the plaintiffs. These cases constitute a clear abuse of the litigation process which Rule 11 was designed to deter.
 
 
 9
 The district court concluded that the appropriate sanction under Fed.R.Civ.P. 11 would be an award to United Parcel of its attorney's fees and expenses incurred in defending the cases. After considering law firm invoices sent to United Parcel and disallowing eighteen hours for duplicative research time, the court concluded that the hourly rates charged were "well within the range of fees charged by attorneys in this community for such services," and that counsel was solely responsible for payment in the amount of $36,198.75.
 
 
 10
 Because the district court was justified in concluding that counsel, at the time he signed the complaints, could not have harbored a belief formed after reasonable inquiry that the claims were well-grounded in fact and were warranted by existing law, the court did not abuse the discretion accorded it by Fed.R.Civ.P. 11 in determining that a sanction should be imposed against appellant. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447 (1990). Accordingly, we affirm the court's conclusion that Rule 11 was violated. However, our inquiry does not end there, since any sanction imposed must be "appropriate" and, if in the form of attorney's fees, must be "reasonable." Fed.R.Civ.P. 11.
 
 
 11
 We have no quarrel with the district court's looking to attorney's fees as the best measure of the sanction that should be levied against counsel. But, it does not follow that the actual amount of legal fees billed to United Parcel at prevailing community rates are necessarily reasonable attorney's fees as contemplated by Rule 11. INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 404 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 12
 Until recently, we have not provided clear guidance to district courts in this area. Then, in Jackson v. Law Firm, 875 F.2d 1224 (6th Cir.1989), we reviewed a Rule 11 sanctions award of over $40,000 in attorney's fees, and listed principles which are to guide a district court in the exercise of its discretion in determining the amount of reasonable attorney's fees to be awarded as an appropriate sanction. The principles applicable to this appeal are:
 
 
 13
 1. Compensation and deterrence are the goals of Rule 11; deterrence is more important;
 
 
 14
 2. Courts should impose the least severe sanction that is likely to deter;
 
 
 15
 3. A party seeking attorney's fees as a Rule 11 sanction must have mitigated damages by acting promptly to bring a violation to the court's attention, and by avoiding unnecessary expenses in defending against frivolous claims;
 
 
 16
 4. Fees are not reasonable if incurred in the course of expending a great deal of time and effort defending patently frivolous claims that could have been dismissed on motion or upon a request for a pretrial conference at an early stage in the proceeding; and
 
 
 17
 5. Ability of the offending attorney to pay a monetary sanction must be considered.
 
 
 18
 Had plaintiffs' attorney participated more effectively at the sanctions stage of the proceedings, these principles would have been called to the attention of the trial court. However, since they were not, and the record bears little evidence that they were considered, we are not able to say that the court did not abuse its discretion in arriving at the amount of attorney's fees it deemed a reasonable and appropriate sanction.
 
 
 19
 Accordingly, this cause is remanded in order that the district court may appraise the reasonableness of the attorney's fee to be awarded as a sanction, in the light of these principles. While counsel's conduct was egregious, the amount of the sanction may be excessive when the first, second, and fifth principles are considered. Furthermore, the extraordinary length of the memoranda in support of summary judgment and the number of hours billed in their production, are concerns under the third and fourth principles, especially in view of United Parcel having represented to the court on the one hand that the lawsuits were frivolous, and on the other hand that so large an expenditure of time and effort was required to defend against them.
 
 
 20
 The district court's orders on sanctions are affirmed in part and reversed in part, and this cause is remanded for further proceedings according to law and consistent with this opinion.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation